STRINE, Chief Justice,
Concurring:
I concur in the result reached ,in the Court’s well-crafted opinion, with which I have one good faith, .and respectful difference of opinion. I write separately because I do not believe that the prosecutor’s statement that “the defendant is clearly guilty” was -improper at all, when fairly considered in full context. Even more, I do not see how the statement could be so plainly objectionable as to be a proper basis for plain error. Plain eiror should be, by definition, blatant, and such as to require a trial judge to intervene spontaneously even in the absence of an objection.
It is worth citing the passage in which this statement appeared:
Kelly Fossett, on .the other hand, just happened to be walking in, and wasn’t under the stress of the situation. What she told you is she is absolutely certain that the person seated right there is the person who committed this robbery. The person who was leaving the Metro ' PCS after the robbery was committed.
The tattoo was there, Ladies and gentlemen, because the defendant has a tattoo on his neck on a very visible place, on a place that was seen by the two witnesses in this case.
* * *
We have our identifications, and 911 call and the video, but we shouldn’t rely on that. We don’t have anything else because we don’t have scissors, or clothing, or ariy of that. Sergeant Shelton told you he tried to execute search warrants. He could not find a location where the defendant lived. He couldn’t. Also told you that when he arrested him, it was on the 20th of September, six weeks later. So would you expect to find the defendant carrying around these scissors and wearing the same clothing from a robbery that -he committed six weeks before? Use your common sense.
Kelly Fossett, absolutely certain, photo lineups, both pick out the same person. Photo lineups told the person who did this is not necessarily in there. We also have .tattoos on the arm. Sergeant Shelton told you [when] he viewed that video, he noticed a tattoo. That tattoo he also noticed when he arrested the defendant. Same tattoo.
Ladies and 'gentlemen, again I thank you. The defendant is clearly guilty of robbery that happened that day. I ask you to return ¿ verdict of guilty on both offenses. Thank you.[31]
As can be seen, the defendant did not object to the prosecutor’s statement. And although we have cautioned prosecutors to avoid the first person to the extent possible,[32] human beings can make lapses. Plain error is a purposely’ difficult standard to meet and requires that “the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.” [33] I do not believe Morales has met *534 it here. For reasons. I will explain, it is difficult for me to understand that we would expect a trial judge to act on the basis of such an isolated, innocuous statement given its clear contextual relation to a recitation of the evidence.
For starters, in real time, even-more than on paper, the. isolated .statement would likely have been heard as referring directly to the evidence the prosecutor just summarized.. Therefore, it is difficult to see why a judge would decide to intervene. As important, because of those realities and the quick and isolated nature, of the statement, a trial judge could , assume the defense made a reasoned decision not to object. As this Court said in Tramp v. State-.
[W]hén a defendant does not object, to language used in a closing argument, the appellate court can easily assume that the defendant is satisfied that there is no prejudice because inaction on the part of the defense counsel may lead to a conclusion by the appellate court that the attorney made a tactical decision to waive objection. Moreover, when the .trial court, closer to the scene of the trial and with the benefit of the ‘feel’ for the trial, does not intervene to declare a mistrial or give a curative instruction, a deferential appellate court is reluctant to vacate a conviction that is supported by substantial evidence.[34]
Of course, had the defendant objected, the trial court might well have instructed counsel to rephrase the statement, and she should 'and likely would have said: “I am sorry your honor, I meant to say that based on this evidence, the State submits that there is clear evidence of the defendant’s guilt and asks for you to reach a verdict in its favor.” That would have been more than sufficient and' not any different in substance, because the prosecutor’s statement did not imply that she had “personal superior knowledge, beyond what is logically inferred from the evidence at trial.”[35] But, there was no objection.
And to repeat, here, the prosecutor’s statement that the. defendant was “clearly guilty” directly followed her thorough summary of the evidence.[36] In fact, the prosecutor did not even use the “I” word.[37] As this Court held in Mills v. -State, “in a closing argument, prosecutors are ‘allowed and expected’ to make and explain infer- *535 enees from the evidence that support the prosecution’s theory that the defendant is guilty.”[38] Given the statement’s proximity to the prosecutor’s summary of the evidence, the statement “flow[ed] from the evidence presented” and was not improper vouching.[39]
And there is another important consideration in evaluating the statement at issue here. A jury knows in every case that the prosecutor subjectively believes the defendant to be guilty.[40] In fact, as an ethical matter, it is critical that the State and its prosecutor believe they are prosecuting a guilty defendant.[41] An isolated statement of the kind at issue here therefore poses no danger that the jury is being told to believe the police or the prosecutor personally over the other evidence. Nor does it pose a danger that there is some basis for conviction other than the evidence which the prosecutor recited just the moment before.
I agree, of course, with the Majority that there is no prejudice. But, the reason Í believe that no prejudice can be found is *536 that the statement was not an improper comment. Had the statement implied that the State’ had evidence of guilt it could not present (e.g., insinuating to a jury exposed to police procedurals on television that Warren-era constitutional holdings such as Miranda somehow kept out additional evidence of the defendant’s guilt in the State’s possession), it is likely that the Majority would have found prejudice. Likewise, had the statement suggested that certain witnesses should be given more credence because they, for example, are police- officers, it is likely that the Majority would have found prejudice. Precisely because the statement does not in any way encourage the jury to evaluate the case on any basis other than proper record evidence, it poses no threat of prejudice. For the same reason, I am unable to see how the statement, taken alone, can be deemed prosecutorial misconduct, much less of a plain kind.[42] I do not support holding either prosecutors or trial judges to a standard of human perfection that I know I myself fall far short of meeting.

. App. to Opening Br. at 13.

. See, e.g., Brokenbrough v. State, 522 A.2d 851, 859 (Del.1987) (“We do not adopt a rule which says that the use of the word 1’ or ‘we’ in a closing argument is per se improper.... There is a great difference in ‘leaving’ a point before the jury and ‘suggesting’ it personally. Nevertheless, arguments in the first person are extremely dangerous and should be assiduously avoided.”).

.Williams v. State, 98 A.3d 917, 920 (Del.2014) (quoting Wainwright v. State, 504 A.2d *534 1096, 1100 (Del.1986)) (internal quotation marks omitted).

. Trump v. State, 753 A.2d 963, 967-68 (Del.2000) (quoting Robert W. Clifford, Identifying and Preventing Improper Prosecutorial Comment in Closing Argument, 51 Maine L. Rev. 242, 257-58 (1999)) (internal quotation marks omitted).

.. Kirkley v. State, 41 A.3d 372, 377 (Del.2012).

. 'See Charles E. Torcía, Wharton's Criminal " Procedure § 451, at 1021-26 (13th ed. 1991) (“[I]f the prosecutor's belief appears to be a mere deduction from the evidence introduced at the trial, the statement is not improper, the theory being that the prosecutor is allowed in argument to assist the jury in analyzing, evaluating, and applying the evidence by drawing appropriate deductions therefrom.”); Barbara E. Bergman & Nancy Hollander, Wharton's Criminal Evidence § 4.3, at 283 (15th‘ed. 1997) (“If the argument is a fair discussion of the evidence actually admitted during the course of the trial and the reasonable inferences from that evidence, it is based on relevant evidence and is permissible.”).

. See Burns v. State, 76 A.3d 780, 790 (Del.2013) (explaining that the prosecutor, who said “he did this,” did not use the word “1” and “did not imply that she had superior personal knowledge,” but rather made “a logical inference that could have been made based on the evidence”).

. Mills v. State, 2007 WL 4245464, at *3 (Del. Dec. 3, 2007) (quoting Booze v. State, 2007 WL 445969, at *4 (Del. Feb. 13, 2007)); see also Kirkley, 41 A.3d at 377 ("This Court has consistently reaffirmed that the prosecutor is allowed to argue all legitimate inferences of the defendant’s guilt that follow from the evidence.").

. Id. The Majority Opinion notes thát in a recent case, Spence v. State, a slide that contained the words "[t]he defendant is guilty of all charges against him" was found to be objectionable, 129 A.3d 212, 227 (Del. 2015). As is clear from the learned decision in that case, the focus of that' decision was on the problems presented by a detailed PowerPoint presentation to the jury. These are different from oral statements in closing arguments for a few reasons, and one of them is that they are obviously not spontaneous’. .As or more important, the PowerPoint presentation .in that case contained a number of highly inflammatory slides that were not appropriately tailored to record evidence (e.g., emphasizing the word "murder” using large, red lettering and placing it next to an image of the decedent’s body). Id. at *4. The statement like the one here was part and parcel of the presentation and therefore would be read to be premised on the improper statements. ■ Here, the statement in issue is preceded by nothing improper at all, and in context and real time, most logically relates to the recitation of the record evidence that preceded it.

. See Wayne R. LaFave, et al., 4 Crim. Proc. § 13.1(b) n.34.2 (3d ed. 2014) (explaining the "common assumption” that the prosecutor can proceed only when she believes that the defendant is guilty); Sarah Anne Mourer, Be-Heve It or Not: Mitigating the Negative Effects Personal Bias and Belief Have on the Criminal Justice System, 43 Hofstra L. Rev. 1087, 1096 (2015) (noting that "it is clear that the prosecutor must believe that the defendant is guilty to proceed to trial”); Alafair S. Burke, Talking About Prosecutors, 31 Cardozo L. Rev. 2119, 2134-35 (2010) ("Because the prosecutor believes that the defendant is guilty, she is likely to weigh the evidence against him as strong.”).

. It is easy to lose sight of what the words "plain error” mean. Plain error requires a flaw in the trial process so patent that a judge must intervene without an objection. See Swan v. State, 820 A.2d 342, 356 (Del.2003) ("Improper prosecutorial comments in closing argument only constitute plain error if ... the comment is so clearly prejudicial that defense counsel’s failure to object is inexcusable and the, trial judge must intervene sua sponte in the interest of fundamental fairness.”).

. See Alafair S. Burke, Prosecutorial Agnosticism, 8 Ohio St. J. Crim-. L. 79, 79 (2010) ("Most legal ethicists maintain that an ethical prosecutor should not pursue criminal charges against a defendant only if the prosecutor personally believes that the defendant is guilty.”); Bruce A. Green, Why Should Prosecutors "Seek Justice’?, 26 Fordham Urb. LJ. 607, 640-41 (1999) ("Prosecutors have the power, freedom and responsibility to make decisions for the sovereign in the criminal context.... They must satisfy themselves of an individual’s guilt as a precondition to determining that the conviction of an individual is an end to be sought on behalf of the state or the federal government.”); Bennett L. Gersh-man, A Moral Standard for the Prosecutor’s Exercise of the Charging Decision, 20 Fordham Urb. L.J. 513, 522 (1993) ("[Bjefore making the ultimate decision to charge, the prosecutor should then assure herself that she is morally certain that the defendant is both ■factually and legally guilty.... Finally, the prosecutor who acknowledges moral uncertainty about a defendant's guilty but decides nonetheless to bring charges, violates the prosecutor’s special obligation to seek justice, and tacitly invites the system to miscarry.”).